## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## AT INDIANAPOLIS

INTERNATIONAL PAINTERS AND ALLIED TRADES )
LOCAL NO. 47 HEALTH AND WELFARE PLAN TRUST, )
CHUCK M. MORRIS IV, in his official capacity as a fiduciary, )
AND SHAWN SOLNER, in his official capacity as a fiduciary, )
8901 OTIS AVENUE, SUITE 200 )
INDIANAPOLIS, IN 46216 )
)
)
          Plaintiffs, )
v. ) CIVIL ACTION NO.
) 1:17-cv-3551
)
LANDIS PAINTING COMPANY, INC. )
7657 STATE ROAD 135 NORTH )
MORGANTOWN, IN 46160 )
)
          Defendant. )

## COMPLAINT

Plaintiffs, by undersigned counsel, complain as follows.

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331. The claims asserted are all made under federal statutes or federal common law, but the supplemental jurisdiction of the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

### VENUE

3. Venue lies in the United States District Court, Southern District of Indiana under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff International Union of Painters and Allied Trades Local #47 Health and Welfare Plan Trust ("Health & Welfare Fund" or "ERISA Fund" or "Fund") is a trust fund established under 29 U.S.C. §186(c)(5). Its Trustees are the "named fiduciary," "plan administrator" and "plan sponsor" and each is an individual "fiduciary" within the meaning of 29 U.S.C. §§1102(a), 1002(16), (21), for the International Union of Painters and Allied Trades Local No. 47 Health and Welfare Plan ("Health and Welfare Plan").

5. The Health & Welfare Plan is a "multiemployer plan," "employee benefit plan" and "employee benefit health and welfare plan" within the meaning of 29 U.S.C. §1002(37), (2) and (3) which is administered and has its principal place of business in this district at the address for the Health and Welfare Fund in the caption of this Complaint. The Health and Welfare Plan is also known as and referenced as "Health and Welfare" in the Labor Agreement relating to this complaint.

6. Plaintiffs, Chuck M. Morris, IV and Shawn Solner ("Morris" and "Solner" and, together with Health and Welfare Plan, "Plaintiffs") are fiduciaries of the Health & Welfare Fund within the meaning of 29 U.S.C. §1002(21) with respect to collection of contributions due to the Fund and related matters. They have a business address in this district as listed in the caption and are authorized to bring this action on behalf of all Trustees of the Health and Welfare Fund and the Fund as an organization.

7. The Health and Welfare Fund and Morris and Solner are authorized collection

2

fiduciary(ies) and agent(s) for the Health and Welfare Fund.

8. The Health and Welfare Fund and Morris and Solner, in their capacity as authorized collection fiduciary(ies) and agent(s) sue on behalf of the Health and Welfare Plan.

9. Defendant, Landis Painting Company, Inc. ("the Company") is a corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption. The Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Health and Welfare Fund's office(s) in this district.

## FACTS

10. At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement ("Labor Contract") providing for benefit contributions to the Fund. A true and correct copy of the cover page and contribution provisions of the Labor Contract is attached as Exhibit 1.

11. The Company also agreed to abide by the terms of the Agreement and Declaration of Trust of the Health and Welfare Fund ("Trust Agreement"), made between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations, and the plan documents for the ERISA Fund. A true and correct copy of the cover page, index and pertinent provisions of the Trust Agreement for the Health and Welfare Fund are attached as Exhibit 2. A true and correct copy of the collection procedures of the Health and Welfare Plan is attached as Exhibit 3.

12. Under the Labor Contract, Trust Agreement, plan documents of the ERISA Fund,

the Company agreed:

(a) To make full and timely report and payment of contributions on the 1st day of the second month after the month ("work month") in which hours are worked giving rise to the contribution obligation to the Fund, as required by the Labor Contract, Trust Agreement and plan documents. Ex.1, p.13 (Art. XIII) and pp. 21-22 (Art. XXII); Ex.2, pp.3-4 (Art.I,§3) and pp. 17-19 (Art.V, §§1-2).

(b) To file monthly remittance reports with the Fund detailing all employees or work for which contributions were required under the Labor Contract. Ex.3.

(c) To pay late fees, interest, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Ex.1, pp. 21-22 (Art. XXII, §§1(d) and 4); Ex. 2, pp. 18-19 (Art. V, §§2(b)); Ex.3.

## COUNT I – CONTRIBUTIONS UNDER ERISA

### PLAINTIFFS

v.

### COMPANY

13. The allegations of Paragraphs 1 through 12 are incorporated by reference as if fully restated.

14. The amount of contributions the Company is required to pay to the Funds is based upon hours worked and paid to employees performing work covered by the Labor Contract.

15. Company has not met one or more of its monthly contributions related obligations

for the work months of: [1] October and November 2015; [2] May, August, September and October 2016; and [3] March, April, May, June and July 2017. This has resulted in the Company owing a total of $29,921.27 to the Fund as of 22 September 2017. This total is comprised of $20,278.86 owed for unpaid contributions, $8,986.22 owed for late fees, and $656.19 owed for interest. Interest is still accruing for the work months for which contributions have not been made as of 22 September 2017, namely, May, June and July 2017. These amounts due from the Company to the Fund are detailed in a letter from the Fund's third party administrator, HealthScope Benefits, to the Fund's consultant, Genesis Benefit Solutions, dated 22 September 2017 and attached as Exhibit 4.

16. The Company has failed to make contributions to the ERISA Fund in violation of 29 U.S.C. §1145 in a period not barred by an applicable statute of limitations or similar bar.

17. The ERISA Fund is adversely affected or damaged by the Company's violation of 29 U.S.C. §1145.

## COUNT II – CONTRIBUTIONS UNDER CONTRACT

### PLAINTIFFS

### v.

### COMPANY

18. The allegations of Paragraphs 1 through 17 are incorporated by reference as if fully restated.

19. Plaintiff Fund is damaged as a proximate result of the breach of the Labor Contract and its incorporated documents by Company with respect to the amounts stated in Count I.

**WHEREFORE**, Plaintiff asks that the Court to:

(1.) Enter judgment against the Company in favor of Plaintiffs, for the benefit of the Fund, in the amount of $29,921.27, for the contributions, late fees and interest (as of 22 September 2017) due and owing to the Fund, together with interest per the plan documents and interest at the rate(s) prescribed by 26 U.S.C. §6621 from the due date for payment until the date of actual payment, the cost of reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment all as provided under the Trust Agreement, Plans and 29 U.S.C. §1132(g)(2).

(2.) Enter Judgment against the Company requiring it to submit its books and records to an audit by a qualified person designated by the Plaintiffs for the purpose of determining the hours worked by, and gross wages paid to, bargaining unit employees should Plaintiffs deem it necessary to verify the amount of the Company's indebtedness and for the costs of any such audit fees and audit expenses should an audit be performed.

(3.) Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

Respectfully submitted,

October 4, 2017
Date

/s/Rex Dunn
Rex Dunn
Kentucky Bar No. 19610
Admitted USDC
Southern District of Indiana
Dunn & Wallbaum Law, PLLC
105 Daventry Lane, Suite 200
Louisville, KY 40223
Phone: (502) 384-5156
Fax: (502) 276-9215